UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

04 11448 RCL

MAGISTRATE JUDGE Collings

| | |
|---|---|
| BRIAN ROGERS,<br>    Plaintiff<br><br>V.<br><br>MORAN TOWING & TRANSPORTATION<br>CO., INC.,<br>    Defendant | Civil Action<br><br>No. _____ |

RECEIPT # _____
AMOUNT $ N/A
SUMMONS ISSUED yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK. _____
DATE 6/24/04

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

General Factual Allegations

1. The Plaintiff, Brian Rogers, is a resident of Bristol, State of Rhode Island.

2. The Defendant, Moran Towing & Transportation Co., Inc., is a corporation, duly organized and existing under the laws of the State of Connecticut.

3. On or about February 7, 2003 and July 25, 2003, the Defendant, Moran Towing & Transportation Co., Inc., was doing business within the State of Massachusetts.

4. On or about February 7, 2003 and July 25, 2003, the Plaintiff, Brian Rogers, was employed by the Defendant, Moran Towing & Transportation Co., Inc.

5. On or about February 7, 2003 and July 25, 2003, the Plaintiff, Brian Rogers, was employed by the Defendant, Moran Towing & Transportation Co., Inc., as a seaman, and a member of the crew of the TUG JAMES TURECAMO.

6. On or about February 7, 2003 and July 25, 2003, the Defendant, Moran Towing &

Transportation Co., Inc., owned the TUG JAMES TURECAMO.

7. The Defendant, Moran Towing & Transportation Co., Inc., chartered the TUG JAMES TURECAMO from some other person or entity such that on or about February 7, 2003 and July 25, 2003 the Defendant, Moran Towing & Transportation Co., Inc. was the owner pro hac vice of the TUG JAMES TURECAMO.

8. On or about February 7, 2003 and July 25, 2003, the Defendant, Moran Towing & Transportation Co., Inc., operated the TUG JAMES TURECAMO.

9. On or about February 7, 2003 and July 25, 2003, the Defendant, Moran Towing & Transportation Co., Inc., or the Defendant's agents, servants, and/or employees, controlled the TUG JAMES TURECAMO.

10. On or about February 7, 2003 and July 25, 2003, the TUG JAMES TURECAMO was in navigable waters.

11. On or about February 7, 2003 and July 25, 2003, while in the in the performance of his duties in the service of the TUG JAMES TURECAMO, the Plaintiff, Brian Rogers, sustained personal injuries.

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Brian Rogers, was exercising due care.

## Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §688 et. seq.

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §1333.

## COUNT I

<u>Brian Rogers v. Moran Towing & Transportation Co., Inc.</u>

(JONES ACT NEGLIGENCE)

15. The Plaintiff, Brian Rogers, reiterates the allegations set forth in paragraphs 1 through 14 above.

16. The personal injuries sustained by the Plaintiff, Brian Rogers, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17. As a result of said injuries, the Plaintiff, Brian Rogers, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Brian Rogers, demands judgment against the Defendant, Moran Towing & Transportation Co., Inc., in an amount to be determined by a Jury, together with interest and costs.

## COUNT II

<u>Brian Rogers v. Moran Towing & Transportation Co., Inc.</u>

(GENERAL MARITIME LAW - UNSEAWORTHINESS)

19. The Plaintiff, Brian Rogers, reiterates the allegations set forth in paragraphs 1 through 14 above.

20. The personal injuries sustained by the Plaintiff, Brian Rogers, were due to no fault

of his, but were caused by the Unseaworthiness of the TUG JAMES TURECAMO.

21. As a result of said injuries, the Plaintiff, Brian Rogers has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Brian Rogers, demands judgment against the Defendant, Moran Towing & Transportation Co., Inc., in an amount to be determined by a Jury, together with interest and costs.

## COUNT III

### Brian Rogers v. Moran Towing & Transportation Co., Inc.

(GENERAL MARITIME LAW - MAINTENANCE and CURE)

23. The Plaintiff, Brian Rogers, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Brian Rogers, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Brian Rogers, demands judgment against the Defendant, Moran Towing & Transportation Co., Inc., in an amount to be determined by a Jury for maintenance and cure, together with costs and interest.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, AND III.

                                      Respectfully submitted for the
                                      the Plaintiff, Brian Rogers,
                                      by his attorney,

                                      */s/ David F. Anderson*
                                      David F. Anderson, BBO #560994
                                      Latti & Anderson LLP
                                      30-31 Union Wharf
                                      Boston, MA 02109
                                      (617) 523-1000

Dated: 6/23/04.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 JUN 24 P 12: 09
U.S. DISTRICT COURT
DISTRICT OF MASS.

04 11448 RCL

1. Title of case (name of first party on each side only) **Brian Rogers v. Moran Towing & Transportation Co., Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   ~~None~~

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **David F. Anderson** ~~Latti & Anderson LLP~~
ADDRESS **30-31 Union Wharf, Boston, MA 02109**
TELEPHONE NO. **(617) 523-1000**

(Coversheetlocal.wpd - 10/17/02)

JS44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Brian Rogers

## DEFENDANTS
Moran Towing & Transportation Co., Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David F. Anderson, Esquire  BBO #560994
Latti & Anderson LLP, 30-31 Union Wharf, Boston, MA 02109
(617) 523-1000

ATTORNEYS (IF KNOWN)

FILED
IN CLERKS OFFICE
2004 JUN 24 P 12: 49
U.S. DISTRICT COURT
DISTRICT OF MASS.

04 11448 RCL

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties IN Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment Of Veteran=s Benefits
- ☐ 160 Stockholders= Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers= Liability
- ☒ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury X Med Malpractice
- ☐ 365 Personal Injury X Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ref. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS X Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 Magistrate Proceeding
- X Original State Court
- ☐ 2 Removed from Appellate Court
- ☐ 3 Remanded from Reopened
- ☐ 4 Reinstated or (Specify)
- ☐ 5 Transferred from another district
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., Section 688, et seq., 28 U.S.C., Section 1331, 28 U.S.C., Section 1332 and 28 U.S.C., Section 1333

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $_____
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions)

DATE 6/23/04
JUDGE_____ DOCKET NUMBER_____
SIGNATURE OF ATTORNEY OF RECORD /s/ David F. Anderson