UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRIAN ROGERS,<br><br>            Plaintiff<br><br>v.<br><br>MORAN TOWING & TRANSPORTATION CO., INC.,<br><br>           Defendant | CIVIL ACTION NO. 04-11448-RCL |

## ANSWER OF DEFENDANT MORAN TOWING & TRANSPORTATION CO, INC. TO PLAINTIFF'S COMPLAINT

1. Defendant Moran Towing Corporation ("Moran")[1] is without information sufficient to form a belief concerning the truth of the allegations set forth in paragraph 1.

2. Moran admits that it is a duly organized and existing corporation under the laws of New York State.

3. Moran denies that it did at the times alleged or does at present business in the Commonwealth of Massachusetts so as to be subject to this Court's personal jurisdiction.

4. Moran admits the truth of the allegations set forth in paragraph 4.

5. Moran admits the truth of the allegations set forth in paragraph 5.

6. Moran admits the truth of the allegations set forth in paragraph 6.

7. Moran denies the truth of the allegations set forth in paragraph 7

8. Moran admits the truth of the allegations set forth in paragraph 8.

9. Moran admits the truth of the allegations set forth in paragraph 9.

10. Moran admits the truth of the allegations set forth in paragraph 10.

11. Moran is without information sufficient to form a belief concerning the truth of the allegations set forth in paragraph 11.

---

[1] Defendant's correct name is "Moran Towing Corporation," not "Moran Towing & Transportation Co., Inc.," as the defendant is misnamed in the case caption and throughout the complaint.

12. Moran is without information sufficient to form a belief concerning the truth of the allegations set forth in paragraph 12.

13. Paragraph 13 is an assertion of the purported basis of the Court's subject matter jurisdiction, and requires no response.

14. Paragraph 14 is an assertion of the purported basis of the Court's subject matter jurisdiction, and requires no response.

COUNT I (ALLEGED JONES ACT NEGLIGENCE)

15. Moran incorporates its responses to paragraphs 1 through 14.

16. Moran denies the truth of the allegations set forth in paragraph 16.

17. Moran denies the truth of the allegations set forth in paragraph 17.

18. Paragraph 18 is an assertion of the purported legal basis of the claim that plaintiff presents in Count I of the complaint, and requires no response.

COUNT II (ALLEGED UNSEAWORTHINESS)

19. Moran incorporates its responses to paragraphs 1 through 14.

20. Moran denies the truth of the allegations set forth in paragraph 20.

21. Moran denies the truth of the allegations set forth in paragraph 21.

22. Paragraph 22 is an assertion of the purported legal basis of the claim that plaintiff presents in Count II of the complaint, and requires no response.

COUNT III (ALLEGED FAILURE TO PAY MAINTENANCE AND CURE)

23. Moran incorporates its responses to paragraphs 1 through 14.

24. Moran denies the truth of the allegations set forth in paragraph 24.

## FIRST SEPARATE DEFENSE

If plaintiff was injured as alleged, which is denied, his injuries were caused in whole or in part by his own negligence and failure to exercise the degree of care reasonably required of a person of his age and experience under the existing circumstances.

## SECOND SEPARATE DEFENSE

If plaintiff was injured as alleged, which is denied, his injuries were caused in whole or in part by his own willful misconduct.

## THIRD SEPARATE DEFENSE

If plaintiff was injured as alleged, which is denied, his injuries were in no way caused by defendant or any person acting with, through, or under defendant, or by any person for whose conduct or negligence defendant is legally responsible or answerable.

## FOURTH SEPARATE DEFENSE

If plaintiff was injured as alleged, which is denied, his injuries occurred while plaintiff was performing an action which was adverse to the interests of defendant.

## FIFTH SEPARATE DEFENSE

When plaintiff joined the vessel, he was suffering from an illness or injury which he failed to disclose to defendant and, if he had disclosed such illness or injury, he would not have been employed; such willful or negligent failure to disclose was a breach of plaintiff's warranty of physical fitness and was a fraud on defendant.

## SIXTH SEPARATE DEFENSE

If defendant owed plaintiff anything, the same has been paid in full, and defendant owes plaintiff nothing.

## SEVENTH SEPARATE DEFENSE

Plaintiff has failed to mitigate his damages.

## EIGHTH SEPARATE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### NINTH SEPARATE DEFENSE

This action must be dismissed for insufficiency of process and insufficiency of service of process.

### TENTH SEPARATE DEFENSE

This action must be dismissed as untimely under the applicable statutes of limitations or doctrine of laches.

### ELEVENTH SEPARATE DEFENSE

This action must be dismissed for lack of jurisdiction over the defendant's person.

### TWELFTH SEPARATE DEFENSE

This action must be dismissed for improper venue.

MORAN TOWING CORPORATION
By its attorneys,

_____
James B. Re (BBO #413300)
SALLY & FITCH LLP
225 Franklin Street
Boston, Massachusetts 02110-2804
(617) 542-5542

Dated: August 31, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer was served upon the attorney of record for each other party by mail, postage prepaid, on August 31, 2004.

_____
James B. Re

Ans.to.Comp

4