UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN ROGERS,<br>                      Plaintiff<br>v.<br>MORAN TOWING & TRANSPORTATION CO., INC.,<br>                      Defendant | CIVIL ACTION NO. 04-11448-RCL |

## JOINT STATEMENT OF THE PARTIES
## FOR INITIAL SCHEDULING CONFERENCE

In accordance with the court's Notice of Scheduling Conference, the parties hereby submit their Joint Statement for the initial scheduling conference to be conducted on October 27, 2004.

I.      Concise Summary of Parties' Positions

On February 7 and July 25, 2003, plaintiff Brian Rogers was employed as a crewmember on board the defendant's vessel, the tug JAMES TURECAMO. Mr. Rogers claims that he was injured on both of those dates because of the vessel's unseaworthiness and the defendant's negligence. He claims also that he has not been provided with the maintenance and cure that are due him, and that he is unable to return to work as a seaman because of his alleged injuries.

The defendant maintains that the vessel was seaworthy at all times, that it did not engage in any negligent conduct, and that it has provided the plaintiff with all of the maintenance and cure that was due him. Moreover, the defendant is informed and believes that the plaintiff has recovered from any injury or medical condition that he suffered, and is fully capable of returning to work without physical limitation. In addition to its position on the merits of plaintiff's claims, the defendant maintains that the Court lacks personal jurisdiction over it in this matter, and that in any event, the proper venue for this action is the United States District Court for the Eastern District of New York: the defendant is a New York corporation; the tug is based in the Port of New York; the

alleged injuries occurred in the waters of the Eastern District of New York and the plaintiff sought initial treatment there; and none of the tug's crewmembers, including the plaintiff himself, reside in Massachusetts.

In addition to his position concerning the merits of the case, the plaintiff maintains that this Court has personal jurisdiction over the defendant, and that venue is proper here.

II.  Proposed Agenda
- Personal jurisdiction and venue issues.
- Proposed pretrial schedule, including discovery plan (subject, of course, to modification by the receiving Court in the event that the case is dismissed or transferred by this Court).

III. Proposed Pretrial Schedule, Including Discovery Plan

| | |
|---|---|
| Rule 26(a)(2) expert disclosures with regard to issues as to which a party has the burden of proof on/before | May 6, 2005 |
| Responsive Rule 26(a)(2) expert disclosures on/before | June 17, 2005 |
| Dispositive motions to be filed on or before | July 15, 2005 |
| Discovery closes | August 19, 2005 |
| Final pretrial conference | September 2005 |

IV. Trial by Magistrate Judge

The parties do not consent at this time to trial by a magistrate judge.

2

V.	Local Rule 16.1(D)(3)

Plaintiff's and defendant's counsel hereby certify that they have conferred with their clients concerning the costs of conducting the full course -- and various alternative courses -- of this litigation, and to consider the resolution of this litigation through the use of an alternative dispute resolution program, and that they have filed or will file the signatures required by Local Rule 16.1(D)(3)

BRIAN ROGERS  
By his attorneys,

_____  
David F. Anderson  
LATTI & ANDERSON LLP  
30-31 Union Wharf  
Boston, Massachusetts 02109  
(6170 523-1000

MORAN TOWING CORPORATION  
By its attorneys,

_____  
James B. Re (BBO #413300)  
SALLY & FITCH LLP  
225 Franklin Street  
Boston, Massachusetts 02110-2804  
(617) 542-5542

Dated: October 25, 2004

3