UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN ROGERS,<br><br>                      Plaintiff<br><br>v.<br><br>MORAN TOWING & TRANSPORTATION CO., INC.,<br><br>                      Defendant | CIVIL ACTION NO. 04-11448-RCL |

**MOTION OF DEFENDANT MORAN TOWING CORPORATION
TO TRANSFER THIS ACTION**

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

Undersigned counsel certifies that he and plaintiff's counsel have conferred in a good faith, but unsuccessful, attempt to resolve or narrow the issue presented in this motion.

**MOTION TO TRANSFER**

Introduction

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In accordance with that provision, defendant Moran Towing Corporation ("Moran")[1] asks that the Court transfer this action to the United States District Court for the Eastern District of New York, which covers Staten Island (Richmond County), New York, where this action not only might have been, but should have been brought.

---

[1] Defendant's correct name is "Moran Towing Corporation," not "Moran Towing & Transportation Co., Inc.," as the defendant is misnamed in the case caption and throughout the complaint.

Factual allegations and background

1.      Plaintiff Brian Rogers is a resident of Rhode Island. Complaint, ¶ 1. Mr. Rogers claims to have been injured on two separate occasions, in February and July, 2003, while serving as a crewmember on board Moran's tug, the JAMES TURECAMO. Complaint, ¶ 5 and ¶ 11. See also Report of Injury Claim forms that plaintiff Brian Rogers submitted to Moran, reporting that he suffered injuries on February 12, 2003 and July 24, 2003; copies of those forms are Exhibits A-1 and A-2 to the Affidavit of James J. Newman ("Newman Affidavit") submitted in support of this motion.

2.      The tug JAMES TURECAMO's hailing port is Wilmington, Delaware, and it is based at a shipyard and tying-up facility in Staten Island (Richmond County), New York. When it is not at the shipyard in Staten Island, the tug is at whatever locations it is directed to by Moran's customers who require its services. The tug's crew ordinarily reports to the tug for duty at the shipyard in Staten Island, but if a crewmember is reporting for duty at a time when the tug is not at the shipyard, Moran tells the crewmember where the tug is working, and the crewmember reports to the tug at that location. Newman Affidavit, ¶ 3.

3.      In addition to Mr. Rogers, the same persons were serving as captain and crew of the tug JAMES TURECAMO on both February 12, 2003 and July 24, 2003. Their positions, names, addresses, and telephone numbers are set forth in the crew list that is Exhibit B to the Newman Affidavit. The captain's residence is in Endwell, NY; the mate's is in Willow Grove, PA; the chief engineer's is in N. Fort Myers, FL; and the able-bodied seaman's is in Thomasen, ME. Newman Affidavit, ¶ 4.

4.      According to the plaintiff's injury reports (Newman Affidavit Exhibits A-1 and A-2), his alleged injury on February 12, 2003 occurred at about 2345, or 11:45 p.m., and his alleged injury on July 24, 2003 occurred at about 11:30 a.m. The tug's log for those dates (Newman Affidavit Exhibits C-1 and C-2) shows that the tug was at Glenwood Landing, Long Island, NY at the relevant time on February 12, 2003 and at Bergen Point, near Bayonne, NJ, at the relevant time on July 24, 2003. Newman Affidavit, ¶ 5. After the plaintiff reported each of the alleged injuries to

the captain of the tug, the captain sent him for examination and treatment to St. Vincent's Hospital in Staten Island. Newman Affidavit, ¶ 5, Exhibits D-1 and D-2.

5.     Moran paid the plaintiff's medical expenses in connection with his alleged injuries, and as far as Moran knows from reviewing the bills that were submitted to it, the plaintiff did not seek or receive any medical care in Massachusetts at any time. Newman Affidavit, ¶ 6.

6.     Moran has no place of business in Massachusetts, nor does it have bank accounts or own real estate or other property there.  Moran is not registered to do business in Massachusetts, has no telephone listing in Massachusetts, and has no employees or agents in Massachusetts. Moran does national advertising, but does not do any local advertising in Massachusetts or any advertising targeted to potential customers in Massachusetts.  Moran does not solicit business in Massachusetts, although Moran's salespeople occasionally visit potential or actual customers in Massachusetts.  Affidavit of Alan L. Marchisotto ("Marchisotto Affidavit"), ¶ 2.

7.     Moran's tugs and barges travel to Massachusetts on some occasions when they are ordered to do so by entities that have chartered Moran's vessels or entered into towage contracts with Moran, but Moran has no control over the itineraries or destinations selected by its customers. Marchisotto Affidavit, ¶ 3.

Discussion

This Court summarized the law pertaining to transfer under 28 U.S.C. § 1404(a) recently in the case of *Pike v. Clinton Fishpacking, Inc.*, 143 F.Supp. 2d 162, 171 (D. Mass. 2001):

> The First Circuit has recently stated that "[s]ection 1404(a) is a codification of the doctrine of *forum non conveniens*." *Albion v. YMCA Camp Letts,* 171 F.3d 1, 2 (1st Cir. 1999).  The decision to change venue is in the trial judge's discretion.  *See Coady v. Ashcraft & Gerel,* 223 F.3d 1, 11 (1st Cir. 2000).  "[T]he defendant must bear the burden of proving both the availability of an adequate alternative forum and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." *Nowak,* 94 F.3d at 719.  The plaintiff's choice of forum will be disturbed only rarely.  *See id*.

In *Pike*, this Court found no reason to transfer the case because "the defendants … failed to proffer any evidence that judicial efficiency strongly favors litigating in Washington [state]." *Id*. at 171.  Indeed, *Pike* is a very clear example of a situation in which the plaintiff's choice of forum

should not be disturbed, and the sharp contrast of its facts with those in the present case demonstrates just as clearly why transfer is warranted here.

The plaintiff in *Pike* was a Massachusetts fisherman who was recruited in Massachusetts by the defendant fishing vessel owner to travel to Alaska and join the defendant's boat. Thereafter, the plaintiff's hand was crushed and amputated while he was working aboard the boat in international waters off Alaska. Thus, there was no apparent connection with Washington state, and many very evident connections with Massachusetts.

In the present case, there is but a single connection with Massachusetts: plaintiff's counsel's office is here. That is no real connection at all.

> No case articulates that the convenience of counsel is a consideration in deciding a motion to transfer pursuant to § 1404(a). Whether this court is more convenient to the plaintiff's counsel is, accordingly, of no consequence. See *Formaldehyde Institute v. U.S. Consumer Product,* 681 F.2d 255, 262 (5th Cir.1982) (convenience of counsel not appropriate concern in balancing considerations for venue purposes); *S-G Securities, Inc. v. Fuqua Investment Company*, 466 F.Supp. 1114, 1122 (D.Mass.1978) (location of parties' counsel accorded little if any weight).

*Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D.Mass., 1991*)*.

The connections with the Eastern District of New York, on the other hand, are many and real: the tug is there; the defendant has a place of business there; the initial medical treatment that the plaintiff had was rendered there, while none whatever was rendered in Massachusetts; and it is the only place where all of the potential witnesses are often present. Thus, four of the eight factors listed in such cases as *McGlynn v. Credit Store, Inc.,* 234 B.R. 576, 582 (D. R.I., 1999), support transfer, while the other four are either irrelevant or inapplicable to this case.[2]

---

[2] "In order to prevail on a motion to transfer under § 1404(a), the moving party must show that 'private and public interest factors clearly point towards trial in the alternative forum.' Paradis, 774 F.Supp. at 82, citing Piper Aircraft, 454 U.S. at 241, 102 S.Ct. 252. The relevant factors include: 1) ease of access to sources of proof; 2) availability of compulsory process to compel attendance of witnesses; 3) cost of attendance of willing witnesses; 4) ease of view of premises, if necessary; 5) enforceability of the judgment, if obtained; 6) advantages and obstacles to a fair trial; 7) status of the court's trial calendar; and 8) familiarity of the forum with applicable state law. Gulf Oil, 330 U.S. at 508, 67 S.Ct. 839; Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955)."

Conclusion

    For the reasons stated in this motion, defendant Moran Towing Corporation asks that the Court transfer this action to the United States District Court for the Eastern District of New York, which covers Staten Island (Richmond County), New York.

                                        MORAN TOWING CORPORATION
                                        By its attorneys,

                                        /s/  JAMES B. RE_____
                                        James B. Re (BBO #413300)
                                        SALLY & FITCH LLP
                                        225 Franklin Street
                                        Boston, Massachusetts 02110-2804
                                        (617) 542-5542

Dated:  December 23, 2004