UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRIAN ROGERS,<br>    Plaintiff<br><br>V.<br><br>MORAN TOWING & TRANSPORTATION<br>CO., INC.,<br>    Defendant | Civil Action<br><br>No. 04-11448-RCL |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER

    Now comes the Plaintiff in the above captioned matter and opposes <u>Motion of Defendant Moran Towing Corporation to Transfer this Action</u>. As grounds thereof the Plaintiff states as follows:

    Defendant has moved to transfer this action pursuant to 28 USC 1404 to the Eastern District of New York. As grounds for the Transfer the Defendant makes four claims: 1) that "the tug is there", 2) that the Eastern District of New York " is the only place where all of the potential witnesses are often present, 3) "the defendant has a place of business" in the Eastern District of New York; and 4) that "the initial medical treatment that the plaintiff had was" within the Eastern District of New York. <u>Defendant's Motion to Transfer</u>, P. 4. It is Plaintiff's position that claims 1 and 2 above are simply false as a factual matter (<u>See</u>, <u>Declaration of Brian Rogers</u>) and that claims 3 and 4 above are of minimal if any relevance when determining a motion to transfers. Plaintiff claims that the real reason Defendant wants to transfer this case to the Eastern District of New York is because the USDC in Brooklyn has a three year backlog for

Civil Cases and that the Attorney's directing Defendant's case are based out of New York, City.

I.      FACTS

In 2002 and 2003, the Plaintiff was employed by Moran as a deckhand on the TUG JAMES TURECAMO.  <u>Declaration of Brian Rogers</u>, P. 1. (Attached as Ex. "A").  The TUG JAMES TURECAMO is an ocean going tug that transports petroleum products up and down the east coast from North Carolina to Maine.  <u>Id.</u>  The TUG JAMES TURECAMO regularly delivers petroleum products to Boston Harbor.  <u>Id.</u> P. 2.  The TUG JAMES TURECAMO spends more time in Boston Harbor (Chelsea Creek) than it does at Moran's Staten Island shipyard.  <u>Id.</u> P. 2  The TUG JAMES TURECAMO makes more crew changes in Boston Harbor than it does at the Moran Shipyard in Staten Island.  In fact the TUG JAMES TURECAMO spends less than 2% of its time at Moran's Staten Island dock.

It should be noted that there is a factual dispute between Plaintiff and Defendant regarding how often the TUG JAMES TURECAMO is in the Eastern District (Staten Island) relative to Boston, and how frequently crew changes occur at its Staten Island Facility as compared to Boston Harbor.  <u>See</u>, <u>Declaration of Brian Rogers</u>.

The Potential witnesses in a Jones Act case such as this are typically, 1) the vessel's crew, 2) the Plaintiff's treating surgeon and 3) the Defendants shore side management.  Here not a single one of the potential witnesses in this case resides or works out of the Eastern District of New York.  <u>Plaintiff's Automatic Disclosures</u>, (Attached as Ex. "B").  The Captain resides within the Northern District of New York in Endwell, NY.  <u>Id.</u>  The Mate resides within the Eastern District of Pennsylvania in Willow Grove, PA.  <u>Id.</u>  The engineer resides within the Middle District of Florida in North Fort Myers, FL.  <u>Id.</u>  The other Deckhand resides within the

District of Maine within Thomaston, ME. Id. The Plaintiff resides within the District of Rhode Island in Portsmouth. Id.

All of the Plaintiff's medical witnesses including Plaintiff's treating surgeon work within District of Rhode Island. Id. Although Plaintiff has not identified any of Defendant's shore side management as potential witnesses it should be noted that Moran's principle place of business is in District of Connecticut where its corporate headquarters are located. Declaration of Brian Rogers.

As noted in Defendant's Brief, the TUG JAMES TURECAMO's official home port is Wilmington Delaware and the Defendant is a Delaware Corporation. Also as noted in Defendant's Brief, Plaintiff's Second accident occurred within the Distict of New Jersey.

Simply stated, not a single one of the potential witnesses in this case resides in or has a principal place of work within the Eastern District of New York. The only connection in this case with the Eastern District of New York is that one of two accidents giving rise to Plaintiff's injury occurred was the vessel was at dock in Long Island (Eastern District) and the Plaintiff went to the Emergency Room on Staten Island (Eastern District). The only other connection with the Eastern District of New York is that it convenient to Defendant's New York counsel.

II.     LAW

"The Defendant must bear the burden of proving both the availability of an adequate alternative forum and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum. The Plaintiff' choice of forum will be disturbed only rarely." Pike vs. Clinton Fish Packing, Inc., 143 Supp. 2d 162.

III.   ARGUMENT

The witnesses in this case reside all up and down the east Coast of the United States from, literally from Florida (Engineer Wargo) to Maine (Deckhand Dagget). Similarly the Defendant in general and the TUG JAMES TURACAMO travels up and down the east coast. The Plaintiff has alleged two different injuries which occurred in two different judicial districts. The focus of Plaintiff's medical care is within Rhode Island. The focus of Defendants management is within Connecticut. The District of Massachusetts is one of several districts which the Defendants vessel and with it her crew spends a significant amount of time. Simply stated there is no single district around which this litigation focuses. The only district in which more than one witness resides is Rhode Island, however personal jurisdiction over the Defendant has not been established within Rhode Island.

Plaintiff has selected the District of Massachusetts because this Court has jurisdiction over the Defendant, Massachusetts is relatively close to and is convenient to the Plaintiff and his attorney, and the District of Massachusetts is fairly efficient (relative to E.D.N.Y.) in terms of moving Civil Actions to trial, and given that the TUG JAMES TURECAMO regularly calls in the Port of Boston, we might be able to depose a witness or two during a crew change.

Not one single witness resides or is employed within the Eastern District of New York. The only connection between the Eastern District and this case is that one of Plaintiff's two injuries occurred there. Accordingly, Defendant has failed to meet its burden of establishing that "considerations of convenience and judicial efficiency strongly favor litigating the claim" in the Eastern District of New York. Accordingly Defendant's motion to transfer should be denied.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court Deny Defendant's Motion to Transfer Pursuant to 28 USC 1404.

> Respectfully submitted for the
> the Plaintiff, Brian Rogers,
> by his attorney,
>
> /s/ David F. Anderson
> David F. Anderson, BBO #560994
> Latti & Anderson LLP
> 30-31 Union Wharf
> Boston, MA 02109
> (617) 523-1000
> danderson@lattianderson.com

Dated: January 11, 2005

CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2005, I electronically filed Plaintiff's Opposition to Defendant's Motion to Transfer with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to the following:

> Respectfully submitted for the
> the Plaintiff, Brian Rogers,
> by his attorney,

<u>/s/ David F. Anderson</u>
David F. Anderson, BBO #560994
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
danderson@lattianderson.com
