UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

BRIAN ROGERS,
    Plaintiff

V.

MORAN TOWING & TRANSPORTATION CO., INC.,
    Defendants

Civil Action

No. 04-11448-RCL

## PLAINTIFF'S AUTOMATIC DISCLOSURE

Now comes the Plaintiff in the above-captioned matter, by and through counsel, submits his Local Rule 26(a)(1) Discovery Response as follows:

**26(a)(1)(A).  Witness Information:**

    a.    Brian Rogers
           52 Mason Avenue
           Portsmouth, RI

    b.    Captain Kevin Denning
           935 Byford Boulevard
           Endwell, NY 13760
           Captain on the Tug James Turecamo

    c.    James Mottola
           117 Krewson Terrace
           Willow Grove, PA   19090
           Mate on the Tug James Turecamo

    d.    Joe Wargo
2205 Clubhouse Road
North Fort Myers, FL 33917
Engineer on the Tug James Turecamo

    e.    Wes Daggett
47 Brooklyn Heights Road
Thomaston, ME 04861
Deckhand on the Tug James Turecamo

    f.    Olympic Physical Therapy
1139 Aquidneck Avenue
Middletown, RI 02842
Treating Facility/Physical Therapists

    g.    Dr. Sumit Das
Newport Hospital
11 Friendship Street
Newport, RI 02840
Treating Physician

    h.    Newport Hospital
11 Friendship Street
Newport, RI 02840
Treating Facility/Physicians

**26(a)(1)(B).   Document Information:**

    a.    Medical records and bills from Olympic Physical Therapy;

    b.    Medical records and bills from Dr. Sumit Das;

    c.    Hospital records and bills from St. Vincent's Hospital;

    d.    Hospital records and bills from Newport Hospital;

    e.    Moran Accident Reports;

    f.    Income tax returns of the Plaintiff;

    g.    Earning records of the vessel.

In addition to the documents set forth above, the Plaintiff may introduce at trial any medical records of the providers set forth in his automatic disclosure, items (f) through (i). Upon presentation, Plaintiff will execute authorizations for the Defendant to acquire them or any other medical records, related to this matter.

**26(a)(1)(C).   Damage Information:**

Plaintiff claims that as a result of his injury he is permanently and totally disabled from his former occupation as a merchant seaman and accordingly has sustained a permanent loss of earning capacity which can be quantified by projecting the Plaintiff's earnings including benefits as a merchant seaman through his life expectancy taking into account progression up through the ranks and reducing this lost earning capacity to present value. From this figure is the Plaintiff's present earning capacity as hotel maintenance man is deducted. This residual earning capacity would be run out to Plaintiff's work life expectancy and also reduced to present value. The resulting figure would represent the Plaintiff's net lost earning capacity.

**26(a)(1)(D).**

Not applicable.

Respectfully submitted for the
the Plaintiff, BRIAN ROGERS,
by his attorneys,

_____
David F. Anderson, BBO 560994
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 1/11/04.

CERTIFICATE OF SERVICE
I Hereby certify that a true copy of the foregoing document was served on the attorney of record for each party named in this action, by mail, postage prepaid on 1/11/04

_____