UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| BRIAN ROGERS, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 04-11448-RCL |
| | ) | |
| MORAN TOWING & TRANSPORTATION CO., INC., | ) | |
| | ) | |
| Defendant | ) | |

_____)

## MOTION OF DEFENDANT MORAN TOWING CORPORATION
## TO RECONSIDER DENIAL OF ITS MOTION TO TRANSFER THIS ACTION

### REQUEST FOR ORAL ARGUMENT

Defendant Moran Towing Corporation ("Moran") requests oral argument on this Motion to Reconsider Denial of its Motion to Transfer This Action. The Court denied the Motion to Transfer without opinion or comment by Order dated May 21, 2005, and without conducting a hearing on the Motion to Transfer, and Moran respectfully requests an opportunity to discuss with the Court what it believes are the compelling facts that support transfer to the United District Court for the Eastern District of New York.

### DISCUSSION

This is a seaman's personal injury case brought by plaintiff Brian Rogers against his tug owner/employer, Moran Towing Corporation. Mr. Rogers is a resident of Rhode Island. Complaint, ¶ 1. As is discussed in Moran's Motion to Transfer This Action, Mr. Rogers claims to have been injured on two separate occasions, in February and July, 2003, while serving as a

crewmember on board Moran's tug, the JAMES TURECAMO. Complaint, ⚸ 5 and ⚸ 11. According to the plaintiff's injury reports (see Exhibits A-1 and A-2 to the Affidavit of James Newman ("Newman Affidavit"), offered in support of Moran's Motion to Transfer), his alleged injury on February 12, 2003 occurred at about 2345, or 11:45 p.m., and his alleged injury on July 24, 2003 occurred at about 11:30 a.m.  The tug's log for those dates (Newman Affidavit Exhibits C-1 and C-2) shows that the tug was at Glenwood Landing, Long Island, NY at the relevant time on February 12, 2003 and at Bergen Point, near Bayonne, NJ, at the relevant time on July 24, 2003.  See Newman Affidavit, at ⚸ 5.  After the plaintiff reported each of the alleged injuries to the captain of the tug, the captain sent him for examination and treatment to St. Vincent's Hospital, which is located in Staten Island, part of the Eastern District of New York.  See Newman Affidavit, at ⚸ 5, Exhibits D-1 and D-2.

Moran paid the plaintiff's medical expenses in connection with his alleged injuries, and as far as Moran knows from reviewing the bills that were submitted to it, the plaintiff did not seek or receive any medical care in Massachusetts at any time. Newman Affidavit, ⚸ 6.  Indeed, in his Opposition to Moran's Motion to Transfer, the plaintiff acknowledges that his treating physicians are not in Massachusetts.  See plaintiff's Opposition, at p. 3.

Moran has no place of business in Massachusetts, nor does it have bank accounts or own real estate or other property here.  Moran is not registered to do business in Massachusetts, has no telephone listing in Massachusetts, and has no employees or agents in Massachusetts.  Moran does national advertising, but does not do any local advertising in Massachusetts or any advertising targeted to potential customers in Massachusetts.  Moran does not solicit business in Massachusetts, although Moran's salespeople occasionally visit potential or actual customers in Massachusetts.  See Affidavit of Alan L. Marchisotto ("Marchisotto Affidavit"), offered in

support of Moran's Motion to Transfer, at ¶ 2.  Moran's tugs and barges travel to Massachusetts on some occasions when they are ordered to do so by entities that have chartered Moran's vessels or entered into towage contracts with Moran, but Moran has no control over the itineraries or destinations selected by its customers.  See Marchisotto Affidavit, at ¶ 3.

Plaintiff attempted to create the appearance of a connection between this case and Massachusetts by claiming in his affidavit, without offering any specifics whatever, that, "While I was employed on the vessel [Moran's tug JAMES TURECAMO] we made more crew changes in Boston Harbor than we did at the Moran Shipyard in Staten Island."  See Plaintiff's Affidavit, at ¶ 4.  Apart from the fact that changing crews on board the tug while it was in Boston Harbor would create no connection whatever between Massachusetts and plaintiff's alleged accidents aboard the tug at locations in or near New York Harbor and Staten Island, Mr. Rogers is mistaken about where he joined or left the tug.  In fact, according to the Affidavit of Moran's Peter R. Keyes dated May 13, 2005, offered in support of Moran's Motion to Transfer ("Keyes Affidavit"), Moran's records pertaining to the occasions upon which Brian Rogers joined and got off the tug JAMES TURECAMO from the date upon which he was hired by Moran (December 13, 2002) until he got off that vessel for the final time (July 25, 2003) show that Mr. Rogers joined or got off the vessel at Moran's yard in Staten Island on ten occasions, and was involved in a crew change in Massachusetts on only a single occasion, when he got off the vessel at Boston on December 25, 2002 after joining at Staten Island on December 13.  See Keyes Affidavit, at ¶ 3.

## CONCLUSION

In the present case, there is but a single connection with Massachusetts: plaintiff's counsel's office is here.  That is no real connection at all, see *Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass., 1991*)*, and defendant Moran Towing Corporation asks that the Court reconsider its denial of Moran's motion to transfer this action to the United States District Court for the Eastern District of New York, which covers Staten Island (Richmond County), New York, and after reconsideration, vacate the denial and transfer the action.

MORAN TOWING CORPORATION
By its attorneys,


/s/  *JAMES B. RE*
James B. Re (BBO #413300)
SALLY & FITCH LLP
225 Franklin Street
Boston, Massachusetts 02110-2804
(617) 542-5542


Dated: June 5, 2005