UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ———————————————————— | ) | |
| BRIAN ROGERS, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 04-11448-RCL |
| | ) | |
| MORAN TOWING & TRANSPORTATION CO., INC., | ) | |
| | ) | |
| Defendant | ) | |
| ———————————————————— | ) | |

## **PARTIES' JOINT PRE-TRIAL MEMORANDUM**

In accordance with the Court's Order for Final Pre-trial Conference, plaintiff Brian Rogers and defendant Moran Towing Corporation ("Moran")[1] hereby submit their Pre-Trial Memorandum for the pre-trial conference to be conducted on December 29, 2005.   This memorandum  follows the sequence set out in the Court's Pre-Trial Conference Order.

1.  Trial Counsel

    Plaintiff

    David F. Anderson
    LATTI & ANDERSON LLP
    30-31 Union Wharf
    Boston, MA 02109
    (617) 523-1000

    Defendant

    James B. Re
    SALLY & FITCH LLP
    225 Franklin Street
    Boston, Massachusetts 02110-2804
    (617) 542-5542

---

[1] Defendant's correct name is "Moran Towing Corporation," not "Moran Towing & Transportation Co., Inc.," as the defendant is misnamed in the case caption and throughout the complaint.

2.   Concise Summary of the Parties' Positions

<u>Plaintiff's position</u>

The Plaintiff alleges that in February and July of 2003 the Plaintiff injured his back while employed as a deckhand on the defendant's vessel the Tug JAMES TURECAMO.  With respect to the February injury the Plaintiff alleges that he injured his back while leaning over the rail lifting a line out of the water.  The Plaintiff alleges that the Defendant was negligent and the vessel unseaworthy in so far as there were too few men assigned to perform the task in question and that having one deckhand lift the line in question posed an unreasonable risk of harm to the deckhand. The Plaintiff further alleges that the Defendant was negligent and the vessel was unseaworthy in so far as the JAMES TURECAMO was not equipped with synthetic lines as is the case with other vessels in Defendants fleet.  The synthetic lines are far lighter and easier for a single crew member to handle.   The Plaintiff alleges after returning to work in July of 2003 the plaintiff reinjured his back while lifting the cover to a paint locker.  The Plaintiff claims that this injury was simply a re-aggravation on the original February injury.

The Plaintiff alleges that as a result of the February incident the Plaintiff sustained a compression fracture at the T12 and L1 vertebrae.  The Plaintiff further alleges that as a result of the alleged incident the Plaintiff injured his lumbar disks resulting in numbness and tingling into his left lower extremity.   The Plaintiff alleges that as a result of the alleges incident he is permanently disabled from his prior occupation as a deckhand on a tug boat and as a result has lost earning capacity measured by the difference between his earnings as a deckhand and his residual earning capcity.  Plaintiff further seeks damages for pain suffering and loss of function.

<u>Defendant's Position</u>

Plaintiff Brian Rogers claims that he was injured while working in Moran's employ as a deckhand on Moran's vessel, the tug JAMES TURECAMO, on February 12 and July 24, 2003.[2]

---

[2] Plaintiff states in his complaint that his alleged injuries occurred on February 7 and July 25, 2003, but Moran believes that plaintiff acknowledges that he actually claims injury dates of February 12 and July 24, 2003.

Mr. Rogers claims that he was injured that he was injured in separate incidents on those dates because of the vessel's unseaworthiness and the defendant's negligence. He claims also that he has not been provided with the maintenance and cure that are due him, and that he is unable to return to work as a seaman because of his alleged injuries.

The defendant maintains that the vessel was seaworthy at all times, that it did not engage in any negligent conduct, and that it has provided the plaintiff with all of the maintenance and cure that was due him. Moreover, the defendant is informed and believes that the plaintiff has recovered from any injury or medical condition that he suffered, and is fully capable of returning to work without physical limitation.

3. Waived claims or defenses

None.

4. Stipulated facts

Moran admits that plaintiff Brian Rogers was serving in its employ as a deckhand aboard the tug, JAMES TURECAMO, on February 12 and July 24, 2003, and that it owned the tug at those times.

On November 23, 2005, Moran propounded Requests for Admissions to the plaintiff. Not having received any response, Moran takes it that plaintiff admits the matters concerning which the admissions were requested. Those matters are as follow (the language that follows is the full text of the Requests for Admissions, and is set out in bold typeface to distinguish it):

    **1.    a.    The three photographs appended to this First Request for Admissions as Exhibits A-1, A-2, and A-3 are true and accurate copies of the tug JAMES TURECAMO.**

    **b.    The photographs marked Exhibits A-2 and A-3 fairly and accurately depict the paint locker where plaintiff Brian Rogers claims he was injured on July 24, 2003, and that same paint locker is visible to the left of the life ring attached to the rail of the tug depicted in the photograph marked Exhibit A-1.**

    **2.    a.    The four pages of documents appended to this First Request for Admissions as Exhibit 2 are true and authentic copies of memoranda, reports, records, or data compilations pertaining to plaintiff**

Brian Rogers kept in the regular course of business of Charlton Memorial Hospital, made at or near the time of the events reflected in the documents by, or from information transmitted by, a person with knowledge, and it was the regular practice of Charlton Memorial Hospital to make or maintain as part of its records each memorandum, report, record, or data compilation that comprises Exhibit 2.

b.     Nowhere in the documents that comprise Exhibit 2 is it stated that plaintiff Brian Rogers has or ever had a herniated disk.

c.     Nowhere in the documents that comprise Exhibit 2 is it stated that plaintiff Brian Rogers has or ever had a ruptured disk.

3.     a.     The 23 pages of documents appended to this First Request for Admissions as Exhibit 3 are true and authentic copies of memoranda, reports, records, or data compilations pertaining to plaintiff Brian Rogers kept in the regular course of business of Newport Hospital, made at or near the time of the events reflected in the documents by, or from information transmitted by, a person with knowledge, and it was the regular practice of Newport Hospital to make or maintain as part of its records each memorandum, report, record, or data compilation that comprises Exhibit 3.

b.     Nowhere in the documents that comprise Exhibit 3 is it stated that plaintiff Brian Rogers has or ever had a herniated disk.

c.     Nowhere in the documents that comprise Exhibit 3 is it stated that plaintiff Brian Rogers has or ever had a ruptured disk.

4.     a.     The ten pages of documents appended to this First Request for Admissions as Exhibit 4 are true and authentic copies of memoranda, reports, records, or data compilations pertaining to plaintiff Brian Rogers kept in the regular course of business of Family Medicenter (Dr. Robert A. Carrellas), made at or near the time of the events reflected in the documents by, or from information transmitted by, a person with knowledge, and it was the regular practice of Family Medicenter (Dr. Robert A. Carrellas) to make or maintain as part of its records each memorandum, report, record, or data compilation that comprises Exhibit 4.

b.     Nowhere in the documents that comprise Exhibit 4 is it stated that plaintiff Brian Rogers has or ever had a herniated disk.

c.     Nowhere in the documents that comprise Exhibit 4 is it stated that plaintiff Brian Rogers has or ever had a ruptured disk.

5.    a.    The 27 pages of documents appended to this First Request for Admissions as Exhibit 5 are true and authentic copies of memoranda, reports, records, or data compilations pertaining to plaintiff Brian Rogers kept in the regular course of business of David A. Johnson, D.O., Inc. made at or near the time of the events reflected in the documents by, or from information transmitted by, a person with knowledge, and it was the regular practice of David A. Johnson, D.O., Inc. to make or maintain as part of its records each memorandum, report, record, or data compilation that comprises Exhibit 5.

b.    Nowhere in the documents that comprise Exhibit 5 is it stated that plaintiff Brian Rogers has or ever had a herniated disk.

c.    Nowhere in the documents that comprise Exhibit 5 is it stated that plaintiff Brian Rogers has or ever had a ruptured disk.

6.    a.    The eight pages of documents appended to this First Request for Admissions as Exhibit 6 are true and authentic copies of memoranda, reports, records, or data compilations pertaining to plaintiff Brian Rogers kept in the regular course of business of Sumit Das, M.D. made at or near the time of the events reflected in the documents by, or from information transmitted by, a person with knowledge, and it was the regular practice of Sumit Das, M.D. to make or maintain as part of his records each memorandum, report, record, or data compilation that comprises Exhibit 6.

b.    Nowhere in the documents that comprise Exhibit 6 is it stated that plaintiff Brian Rogers has or ever had a herniated disk.

c.    Nowhere in the documents that comprise Exhibit 6 is it stated that plaintiff Brian Rogers has or ever had a ruptured disk.

d.    Dr. David Johnson was one of plaintiff Brian Rogers' treating physicians as of January 9, 2004, and it was Dr. Johnson who referred Mr. Rogers to Dr. Das.

e.    As of January 9, 2004, Dr. Das stated the following opinion to Dr. Johnson:

"I have reviewed the MRI of the cervical spine of Mr. Brian Rogers.  It is relatively normal with some minimal cervical spondylosis.  He now complains of persistent pain radiating down his legs.  I have again reviewed the thoracic and the lumbar MRI and do not believe that the findings here

are causing significant neural foraminal compression. I do believe that this patient can return to work at this time based upon these findings."

      f.      **Dr. Das never informed plaintiff Brian Rogers that he had suffered a herniated disk.**

      g.      **Dr. Das never advised plaintiff Brian Rogers that he should not return to work as a crewman on tugboats.**

5. Contested issues of fact

- Whether the vessel was seaworthy.

- Whether Moran was negligent.

- Whether, and if so, to what extent, the plaintiff was injured while working on board the defendant's vessel.

- If the vessel was unseaworthy or Moran was negligent, whether the unseaworthiness or the negligence was a legal cause of the plaintiff's injuries.

- If the vessel was unseaworthy or Moran was negligent, and the unseaworthiness or the negligence caused the plaintiff to be injured, the extent (if any) to which the plaintiff was or is disabled from working or experienced pain and suffering as a consequence of his injuries.

- If the vessel was unseaworthy or Moran was negligent, and the unseaworthiness or the negligence caused the plaintiff to be injured, the extent (if any) to which the plaintiff's own negligence was a legal cause of his injuries.

- Whether Moran met its obligation to provide maintenance and cure to the plaintiff.

- The Plaintiff's Damages.

- Whether Plaintiff is entitled to additional maintenance and cure.

- Pre-Judgment interest.

6. Jurisdictional questions

- Whether Moran is subject to the Court's personal jurisdiction in this case.

- Whether venue is proper in this district.

7. Questions raised by pending motions

   None.

8. Issues of law

   None, other than the liability and damages issues identified in section 5.

9. Amendments to the pleadings

   None.

10. Additional matters

    None

11. Length of trial

    The parties estimate that trial will take four 9:00 am to 1:00 pm trial days.

12. Names and addresses of witnesses

    See attached List of Witnesses.

13. List of proposed exhibits

    See attached List of Exhibits proposed by defendant.

14. Jury Instructions

    The parties request the opportunity to submit proposed Jury Instructions as the trial date approaches.

15. Jury Voir Dire – Proposed Questions

    See attached  Jury Voir Dire Questions proposed by the defendant.

| | |
|---|---|
| BRIAN ROGERS<br>By his attorneys, | MORAN TOWING CORPORATION<br>By its attorneys, |
| /s/ DAVID F. ANDERSON<br>_____<br>David F. Anderson (BBO #560994)<br>LATTI &ANDERSON LLP<br>30-31 Union Wharf<br>Boston, Massachusetts 02109<br>(6170 523-1000 | /s/ JAMES B. RE<br>_____<br>James B. Re (BBO #413300)<br>SALLY & FITCH LLP<br>225 Franklin Street<br>Boston, Massachusetts 02110-2804<br>(617) 542-5542 |

Dated:  December 28, 2005

List of Witnesses

Brian C. Rogers – fact witness - plaintiff
17 Vernon Avenue
Newport, RI

Kevin Denning – fact witness – tug captain
935 Byford Blvd
Endwell, NY 13760
607-757-9237

James Mottola – fact witness – tug mate
117 Krewson Terrace
Willow Grove, PA 19090

Joe Wargo – fact witness – tug engineer
2205 Clubhouse Road
North Fort Myers, FL   33917

Wes Daggett – fact witness – tug deckhand
423 Winslow Mills Road
Waldoboro, ME 04572
207-832-4613

Peter Keyes – fact witness – Moran's operations manager
Moran Towing Corporation
50 Locust Avenue
New Canaan, CT 06840
203-442-2800

James Newman  – fact witness – Moran's claim manager
Moran Towing Corporation
50 Locust Avenue
New Canaan, CT 06840
203-442-2800

Darlene Ambrosini – fact witness – Moran's case manager
PO Box 404
Little Neck, NY 11363
718-229-7272

Personnel Department Representative / Record Keeper – fact witness – plaintiff's former employer
The Hotel Viking
One Bellevue Avenue
Newport, RI 02840

Chief Engineer Robert Riegel Jr. – fact witness – plaintiff's supervisor at Hotel Viking
The Hotel Viking
One Bellevue Avenue
Newport, RI 02840

Sumit K. Das, M.D. – expert – plaintiff's treating physician
1524 Atwood Avenue
Johnston, RI 02919

Dr. Robert A. Carrellas – expert – plaintiff's treating physician
Family MediCenter
700 Aquidneck Avenue
Middletown, RI 02842

David A. Johnson, D.O. – expert – plaintiff's treating physician
161 Chase Rd
Portsmouth, RI 02871-3243

## LIST OF EXHIBITS
### PROPOSED BY DEFENDANT MORAN TOWING CORPORATION

1. Daily Log from tug JAMES TURECAMO for February 12 and 13, 2003 and July 24 and 25, 2003.

2. Reports of Injury Claims dated February 13 and July 25, 2003, signed by the plaintiff.

3. Plaintiff's employment application for the Hotel Viking dated August 22, 2003.

In addition, Moran may offer in evidence the following documents, all of which are appended to its

Requests for Admissions:

4. The three photographs of the tug JAMES TURECAMO appended to the First Request for Admissions as Exhibits A-1, A-2, and A-3.

5. The four pages of documents appended to the First Request for Admissions as Exhibit 2, comprising the records of Charlton Memorial Hospital pertaining to its treatment or examination of the plaintiff.

6. The 23 pages of documents appended to the First Request for Admissions as Exhibit 3, comprising the records of Newport Hospital pertaining to its treatment or examination of the plaintiff.

7. The ten pages of documents appended to the First Request for Admissions as Exhibit 4, comprising the records of Family Medicenter (Dr. Robert A. Carrellas) pertaining to its treatment or examination of the plaintiff.

8. The 27 pages of documents appended to the First Request for Admissions as Exhibit 5, comprising the records of David A. Johnson, D.O., Inc. pertaining to its examination or treatment of the plaintiff.

9. The eight pages of documents appended to the First Request for Admissions as Exhibit 6, comprising the records of Sumit Das, M.D. pertaining to his examination or treatment of the plaintiff.

# APPENDIX OF JURY VOIR DIRE
## PROPOSED BY DEFENDANT MORAN TOWING CORPORATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                              )
BRIAN ROGERS,                                 )
                              Plaintiff        )
                                              )
v.                                            )
                                              )          CIVIL ACTION NO. 04-11448-RCL
                                              )
MORAN TOWING & TRANSPORTATION CO., INC.,      )
                                              )
                              Defendant        )
_____)

**VOIR DIRE QUESTIONS TO POTENTIAL JURORS PROPOSED BY DEFENDANT
MORAN TOWING CORPORATION**

Defendant Moran Towing Corporation hereby requests that special *voir dire* questions be asked of potential jurors, as follows:

1.      Have you or any close family member or friend ever worked as a crewmember on a ship or a boat?

2.      Have you or any close family member or friend ever had a back injury?

3.      Have you or any close family member or friend ever been a plaintiff or a defendant in a lawsuit involving a claim of personal injury?

MORAN TOWING CORPORATION
By its attorneys,


/s/ JAMES B. RE
_____
James B. Re (BBO #413300)
SALLY & FITCH LLP
225 Franklin Street
Boston, Massachusetts 02110-2804
(617) 542-5542

Dated: December 28, 2005

12