UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ | ) |
| BRIAN ROGERS, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 04-11448-RCL |
| | ) |
| MORAN TOWING & TRANSPORTATION CO., INC., | ) |
| | ) |
| Defendant | ) |
| _____ | ) |

**REQUESTS OF DEFENDANT MORAN TOWING CORPORATION
FOR JURY INSTRUCTIONS**

Defendant Moran Towing Corporation ("Moran"), by its attorneys, submits the following requests for case-specific jury instructions, and asks that it be allowed to amend or supplement its requests in the event that it becomes appropriate to do so before or during the course of trial.

**BURDEN OF PROOF, GENERALLY**

1.     The threshold issue presented in this case is whether Mr. Rogers has proven that it is more likely than not that he was injured on board the tug JAMES TURECAMO because of a condition that made the vessel unseaworthy or because of negligent conduct by Moran Towing Corporation.  If you do not find that Mr. Rogers has proven either of those things, then you must return your verdict for Moran.

2.     The fact that Mr. Rogers had an accident while working on board the vessel is not sufficient, in and of itself, to make Moran liable in this action, either under a theory of negligence [Caldwell v. Manhattan Tankers Corp., 618 F.2d 361, 363 (5th Cir. 1980)], or under a theory of unseaworthiness [Logan v. Empresa Lineas Maritimas Argentinas, 353 F.2d 373, 377 (1st Cir. 1965), cert. denied 383 U.S. 970 (1966)].  Moran was not required to guarantee there would be no accidents or injuries aboard the ship [Freitas v. Pacific-Atlantic Steamship Company, 218 F.2d 562, 564 (9th Cir. 1955); Smith v. Reinaur Oil Transport, 256 F.2d 646, 648 (1st Cir. 1958)], and was under no duty or obligation to provide an accident-proof, injury-proof ship.   Mitchell v. Trawler

Racer, Inc., 362 U.S. 539, 550, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960); Freitas v. Pacific-Atlantic Steamship Company, 218 F.2d at 564. Therefore, the fact that Mr. Rogers had an accident while working on board the ship does not, by itself, make Moran legally responsible for the accident.

3.    "A shipowner has an absolute duty 'to furnish a vessel and appurtenances reasonably fit for their intended use.' " Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 550, 1960 AMC 1503, 1512 (1960). "[This] is not to suggest that the owner is obligated to furnish an accident-free ship." Id. "The owner's duty is simply to insure that the vessel, together with its gear and personnel, are 'reasonably fit' to enable the crew to perform its duties with 'reasonable safety.' " Reinhart v. United States, 1972 AMC 1167, 1169, 457 F.2d 151, 152 (9 Cir. 1972).

4.    "The mere fact that an accident occurs and a seaman is injured while performing his duties is insufficient to establish that a vessel is unseaworthy." Mosley v. Cia. Mar. Adra, S.A., 1963 AMC 1951, 314 F.2d 223 (2 Cir.), cert. denied, 375 U.S. 829, 1963 AMC 2698 (1963). The shipowner is not the insurer of his seamen's safety. Phipps v. N.V. Nederlandsche Amerikaansche Stoomvart Maats, 1959 AMC 612, 616, 259 F.2d 143, 145 (9 Cir. 1958). In the absence of negligence or unseaworthiness, the shipowner is not liable for his seamen's injuries.

5.    With respect to work that he is ordered to do on board a ship, "a seaman is not entitled to orders that would absolutely shield him from injury, only orders that are reasonable under the circumstances of his employment." Rapitis v. Sea-Land Corporation, 1990 AMC 1501, 1506 (W.D. WA 1990).

6.    "[Mr. Rogers] bears the burden of proving the unseaworthiness of the [ship] or the [defendant's] negligence." In re Hechinger, 1990 AMC 765, 772, 890 F.2d 202, 207 (9 Cir. 1989), cert. denied, 498 U.S. [848] (1990); Ramos v. Matson Navigation Co., 1963 AMC 1134, 1137, 316 F.2d 128, 131 (9 Cir. 1963)." Barrera v. U.S., 1991 AMC 652, 655 (N.D. CA 1991).

**UNSEAWORTHINESS**

7.    The doctrine of seaworthiness does not require the shipowner to furnish a crewmember with an accident-free, injury-free ship.  The duty of the shipowner is simply "to furnish a vessel and [equipment] which are reasonably fit for their intended use."  The standard is not perfection, but reasonable fitness.  Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 550, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960); Jordan v. United States Lines, Inc., 738 F.2d 48, 49 (1st Cir. 1984). "Th[e] warranty of seaworthiness does not mean that the vessel is guaranteed to weather all storms or that it is accident-proof. It does mean that the vessel, together with its gear and complement of personnel, are reasonably fit to complete the intended voyage. Boudoin v. Lykes Bros. S.S. Co., 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354 (1955). It also requires that the ship be reasonably fit to enable the crew to perform their duties with reasonable safety. Ross v. The S. S. Zeeland, 240 F.2d 820, 822 (5th Cir. 1957)."  Reinhart v. U.S., 457 F.2d 151, 152 (9th Cir. 1972).  See also Lyons v. Ohio River Sand and Gravel Co., 683 F.2d 99, 101 (4th Cir. 1982); Lester v. United States, 234 F.2d 625, 628 (2nd Cir. 1956), cert. dismissed 352 U.S. 983 (1957).

8.    You may not find that the vessel or its equipment were unseaworthy unless you find, by a preponderance of the credible evidence, that the area in which the plaintiff was working, or the equipment which he was using, were not reasonably fit for their intended use.  Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 550, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960).

9.    The doctrine of seaworthiness does not impose upon the defendant a duty to warn the plaintiff of the ordinary and familiar hazards of the plaintiff's occupation.

10.    There are certain hazards that crewmembers are routinely exposed to on vessels that are entirely seaworthy.  The mere fact that a crewmember's work exposes him to some hazard or risk of injury does not render the vessel unseaworthy.  Crewmembers are not expected to cope with unreasonable hazards, but they are expected to cope with the ordinary hazards that are routinely encountered even on seaworthy vessels.  If you find that the plaintiff was injured by reason of an ordinary and familiar hazard, then you may not find the defendant liable under the doctrine of

seaworthiness.  The plaintiff has the burden of proving that he was injured by some unreasonable hazard on board the vessel.  Rogers v. Gracey-Hellums Corp., 331 F.Supp. 1287, 1289 (E.D. LA. 1970), aff'd. 442 F.2d 1196 (5th Cir. 1971); Chisholm v. Sabine Towing & Transp. Co., Inc., 679 F.2d 60, 63 (5th Cir. 1982); Meyers v. Isthmian Lines, Inc., 282 F.2d 28, 31 (1st Cir. 1960), cert. denied 365 U.S. 804 (1961).

11.    If you find that the plaintiff was injured while performing a routine task, and that the conditions on board the vessel were such as to permit him to perform that task with reasonable safety, then you may not find the defendant liable under the doctrine of seaworthiness.  Rogers v. Gracey-Hellums Corp., 331 F.Supp. 1287, 1289 (E.D. La. 1970), aff'd. 442 F.2d 1196 (5th Cir. 1971); Chisholm v. Sabine Towing & Transp. Co., Inc., 679 F.2d 60, 62-63 (5th Cir. 1982).

**NEGLIGENCE**

12.    The plaintiff alleges that he was injured by reason of negligent conduct on the part of the defendant.  The defendant denies this allegation.  The burden is on the plaintiff to prove, by a preponderance of the credible evidence, that he sustained an injury caused in whole or in part by some negligent conduct on the part of the defendant.  Smith v. Reinauer Oil Transport, 256 F.2d 646, 648 (1st Cir. 1958); Traupman v. American Dredging Co., 470 F.2d 736 (2nd Cir. 1972).

13.    With regard to the plaintiff's allegation that the defendant was negligent, your inquiry must focus upon the conduct of the defendant, rather than the condition of the vessel or its equipment.  A finding that an injury occurred because of some unreasonably unsafe condition on board the vessel would not be sufficient to establish negligence.  A finding of negligence requires a finding that the defendant, by its conduct, was to some degree at "fault" for the injury.  Traupman v. American Dredging Co., 470 F.2d 736, 737-738 (2nd Cir. 1972).  Accidents and injuries can and do occur on board vessels without any negligence or fault on the part of the shipowner.

14.    In a negligence claim such as the one made by Mr. Rogers, he has the burden of proving: First, that he sustained an injury which was caused in whole or in part by some conduct on the part of the defendant, that is, some action or failure to act on the part of the defendant. Second, the plaintiff must also prove that the defendant knew, or that a reasonably prudent person

acting in the defendant's capacity would have known, that the conduct in question created an unreasonable risk of harm to persons such as the plaintiff. Michalic v. Cleveland Tankers, Inc., 364 U.S. 325, 327-328 (1960); Roberts v. United Fisheries Vessels Co., 141 F.2d 288, 290-291 (1st Cir. 1944).

15.     A defendant's conduct cannot be defined as negligent simply because, by engaging in some other conduct, the defendant might have prevented the accident from happening. You are concerned with conduct that was actually engaged in. Your inquiry concerns whether the defendant's actual conduct, in light of all of the circumstances, conformed to the conduct that a reasonably prudent person in the defendant's position would have engaged in. Roberts v. United Fisheries Vessels Co., 141 F.2d 288, 290-291 (1st Cir. 1944); Doucette v. Vincent, 194 F.2d 834, 837 (1st Cir. 1952).

16.     In considering whether someone's conduct conformed to that of a reasonably prudent person under all of the circumstances, you must take all of the circumstances into consideration. (Derived from the Restatement of Torts, Second, §291-295.)

17.     The question before you is not whether the defendant's conduct created a risk of harm or injury, but rather whether it created an unreasonable risk of harm or injury under all of the circumstances. There are risks and hazards that are inherent in the operation of vessels at sea, and the defendant is not and cannot be held accountable for all such risks or hazards. The defendant's obligation is to refrain from creating risks that are unreasonable under all of the circumstances. The plaintiff has the burden of proving that the defendant failed to meet this obligation of reasonable care under the surrounding circumstances. Roberts v. United Fisheries Vessels Co., 141 F.2d 288, 290-291 (1st Cir. 1944).

**CONTRIBUTORY NEGLIGENCE**

18.     Contributory negligence is a failure on the part of the plaintiff to use ordinary care under the circumstances for his own safety at the time and place in question. It is fault on the part of the plaintiff that contributes to the occurrence of an injury. It may be the sole cause of the injury, or it may cooperate in some degree with the negligence of another, or with an unseaworthy

condition, to produce the injury complained of. It may consist of doing nothing when something should have been done, or of doing something that should not have been done. In other words, it may consist of acts of omission or acts of commission by the plaintiff.

19. If you find either that the vessel was unseaworthy or that Moran was negligent, you must determine the extent, that is, the percentage, if any, that the plaintiff's own negligence contributed to any injury he proves.

20. The law requires a person in the position of the plaintiff to exercise reasonable care for his own safety. By this we mean that the plaintiff is expected to act with the same amount of care that a reasonably prudent person of the same age and level of experience as the plaintiff would act if that person were in the same position as the plaintiff.

21. If you find that the plaintiff could have performed his task safely, but that instead he performed his task in a manner that he knew or should have known was unsafe, then you may find that the plaintiff was wholly or partly responsible for any injury he sustained. Jordan v. United States Lines, Inc., 738 F.2d 48, 49 (1st Cir. 1984).

22. If you find that the plaintiff was injured by reason of a specific hazard about which he knew or should have known, and you find that he failed to take reasonable measures to protect himself from that hazard, then you must find that any injury caused by that hazard was contributed to by the plaintiff's own negligence. Valm v. Hercules Fish Products, Inc., 701 F.2d 235, 236 (1st Cir. 1983).

23. Whether or not you find the vessel unseaworthy or the defendant negligent, if you find that the plaintiff's alleged injury resulted solely from the plaintiff's own failure to exercise due care, you must find for the defendant.

**CAUSATION**

24. A finding that the defendant was negligent, or that the vessel was unseaworthy, would not be sufficient, in and of itself, to hold the defendant liable. You would also have to find that the plaintiff sustained an injury and that the unseaworthiness or the negligence was a proximate

cause of the injury. <u>Chisholm v. Sabine Towing & Transp. Co., Inc.</u>, 679 F.2d 60, 62-63 (5th Cir. 1982).

26. 25. For you to find the defendant liable to the plaintiff under a theory of unseaworthiness, you must find that plaintiff has "prove[n] that the unseaworthy condition was the sole or proximate cause of the injury sustained." However, "'[t]he standard is not perfection, but reasonable fitness[.]'" <u>Ferrara v. A&V Fishing, Inc.</u>, 99 F.3d 449, 453 (1st Cir. 1996). For you to find the defendant liable under plaintiff's theory of negligence, you must find that the plaintiff has proven that Moran was, in fact, negligent, and that its negligence contributed, even slightly, to plaintiff's being injured. <u>Id.</u>

26. If the injury was caused by the plaintiff's performance of a routine task, and the conditions on board the vessel were such as to permit him to perform that task with reasonable safety, then you must return a verdict for the defendant. <u>Chisholm v. Sabine Towing & Transp. Co., Inc.</u>, 679 F.2d at 62-63.

27. Whether or not you find the vessel unseaworthy or the defendant negligent, if you conclude that the alleged injury was caused solely by the plaintiff's own failure to exercise due care under the circumstances, then you must find for the defendant.

**DAMAGES**

28. The fact that I am going to instruct you on the issue of plaintiff's money damages is not to be taken as an indication that plaintiff should recover any damages at all. Unless you first find that plaintiff was injured because the vessel was unseaworthy or the defendant was negligent, <u>and</u> that unseaworthiness or negligence was the proximate cause of plaintiff's injury, you must not consider any award of money damages.

29. If you find the vessel was unseaworthy or that defendant was negligent, you may award plaintiff damages only for injuries that were proximately caused by any unseaworthiness or negligence.

30. Should you determine that plaintiff suffered an injury that was proximately caused by the negligence of Moran or the vessel's unseaworthiness, as I described earlier, the damages that

you may award are of two categories.  First, the lost earnings, if any, which have been caused by plaintiff's alleged injuries.  Second, the amount of money that will fairly compensate the plaintiff for the pain and suffering, if any, caused by his alleged injuries.

31.     Any award made to the plaintiff in this case, if any is made, is not income to the plaintiff within the meaning of the federal income tax law.  Consequently, should you find that plaintiff is entitled to an award of damages, you should not add any money to that award to compensate him for income taxes that you assume he must pay, because he will not have to pay any income taxes.  Domeracki v. Humble Oil & Refining Co., 443 F.2d 1245, 1249 (3d Cir.), cert. denied, 404 U.S. 883 (1971); see also In Re Sincere Navigation Corp., 329 F.Supp. 652, 659 (E.D. La. 1971).  However, since your task in the event that you find the defendant liable to the plaintiff is to compensate plaintiff for what he actually lost, you should reduce the amount of any award for lost earnings by the income tax that he would have had to pay on that money if he had earned it as income.  See Norfolk & Western R. Co. v. Liepelt, 444 U.S. 490 (1980); see also Diefenbach v. Sheridan Transportation, 229 F.3d 27, 32 (1ˢᵗ Cir. 2000).

32.     Unless you find the defendant liable for an injury to the plaintiff, you may not award any damages to him for any physical injury or for pain and suffering or disability related to any physical injury.

33.     You may not award damages to the plaintiff for lost wages for any alleged injury on board the defendant's vessel unless you find that he has, by a preponderance of the evidence, established that he did, in fact, lose wages as a result of the alleged accident, through the defendant's negligence or the vessel's unseaworthiness.

34.     Any award that you render for loss of wages or pain and suffering may not be speculative, but must be based upon the evidence that you find to be credible.  Similarly, any award you render must be limited to fair compensation to the plaintiff, without any amount added to punish the defendant.

**MAINTENANCE AND CURE**

35.    "Maintenance and cure" is a benefit afforded under the general maritime law to seamen who are injured or fall ill aboard the vessel, irrespective of the fault of the vessel or the seaman's employer.  The maintenance component is a stipend for the seaman's support;  the cure component is payment by the seaman's employer for his medical treatment.   Both maintenance and cure payments cease when the seaman reaches the point of "maximum recovery" from the injury. See 1 T. Schoenbaum, Admiralty and Maritime Law, Second Edition sec. 6-28 (1994).  You may award Mr. Rogers compensation for maintenance and cure only if you find that he has proven by a preponderance of the evidence that Moran's duty to pay maintenance and cure extended beyond the final date for which Moran paid Mr. Rogers maintenance and cure.  That is, Mr. Rogers must prove that by the time Moran ceased paying maintenance and cure, he had not reached a point of maximum recovery  from any injury that he suffered on board Moran's vessel.  If you do so determine, you may award Mr. Rogers compensation for maintenance and cure only to that point in time when he was cured as much as possible--not necessarily cured completely, but recovered as far as possible.  Id.; see also Ferrara v. A & V Fishing, Inc., 99 F.3d at 454.

MORAN TOWING CORPORATION
By its attorneys,

/s/ JAMES B. RE

_____
James B. Re (BBO #413300)
SALLY & FITCH LLP
225 Franklin Street
Boston, Massachusetts 02110-2804
(617) 542-5542

Dated:  December 28, 2005